IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICKEY G. YOUNG,

        Plaintiff,

v.

        Case No. 1:14-cv-01159-JDT-egb

HSBC MORTGAGE SERVICES, INC., *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

On July 28, 2014, Plaintiff filed an Amended Complaint along with a motion seeking leave to proceed *in forma pauperis*. [D.E.6]. In an order previously issued on July 9, 2014, the Court granted Plaintiff leave to proceed *in forma pauperis*.

This Complaint was referred to the Magistrate Judge for a Report and Recommendation for an initial screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Magistrate Judge recommends that the Amended Complaint be dismissed.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)       is frivolous or malicious;

    (ii)      fails to state a claim on which relief may be granted; or

    (iii)     seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints

that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d

338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Relevant Background

Plaintiff previously had lived at 3111 Fawn Ridge Cove in Humboldt, Tennessee, which is the house at issue in this lawsuit.[1] This house was the subject of a foreclosure by Defendant HSBC Mortgage Services, Inc. "(HSBC"). Plaintiff alleges that the various Defendants were engaged with this foreclosure and its aftermath which he now contests in this lawsuit.

In addition to Defendant HSBC, the other defendants are Nashville attorney William T. Hall; Jackson, Tennessee realtor Sue Harris; Gibson County Sheriff Charles W. "Chuck" Arnold[2]; Gibson County Mayor Tim Witherspoon; Gibson County District Attorney Garry Brown; Humboldt Chief of Police for John Doe Defendants and lastly John Doe, the Current Occupant of 3111 Fawn Ridge Cove.

Plaintiff brings federal claims pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Additionally, Plaintiff brings state law claims.

---

[1] Plaintiff presently lives at 301 South Third Avenue, Humboldt, Tennessee.
[2] The Magistrate Judge notes that Mr. Arnold is no longer the Gibson County Sheriff and recommends that the docket be corrected, as the sheriff is being sued in his official capacity.

Through his Amended Complaint [D.E 6] Plaintiff asserts the following: HSBC foreclosed on his house at 3111 Fawn Ridge Cove, Humboldt, Tennessee, and HSBC served an unlawful detainer on him by posting the warrant on the door of the house. The General Sessions Court then set an eviction matter for a hearing, and later at that hearing, the attorney for HSBC, although in the Courtroom, somehow missed the calling of the case by the judge. This resulted in it being dismissed on December 10, 2012. On February 7, 2013, Plaintiff was illegally evicted by the Sheriff and as a result of the illegal acts of the Gibson County General Sessions Clerk. Later, on May 17, 2013, HSBC filed a motion asking the court for possession and for the order to be entered *nunc pro tunc* for December 10, 2012. Plaintiff says that on February 21, 2014, he was wrongfully arrested for trespassing and vandalism at the subject property and that the District Attorney and HBSC were using the criminal matter in an attempt to settle this civil matter. Further, Plaintiff asserts real estate agent Sue Harris wrongfully and fraudulently sold or possesses the property for sale and that Defendant Attorney Hill violated the Fair Debt Collection Practices Act.

Plaintiff seeks possession of this house, an injunction to prevent any further criminal or civil action against him,

$200,000.00 for compensatory damages and $200,000.00 for punitive damages.

Report and Recommendation

Plaintiff claims that the state court wrongfully and without legal authority entered a possession order in violation of Tennessee law. Plaintiff is asking this court to declare the state court judge, Judge Agee's, order void and without legal effect.

Because lower federal courts do not have appellate jurisdiction over state courts, the Supreme Court refuses to permit losing state court litigants to invoke federal jurisdiction to attack state court judgments on the ground that the state court acted unconstitutionally. This doctrine, often referred to as the Rooker-Feldman doctrine, originated in Rooker v. Fidelity Trust Co. Rooker, 263 U.S. 413 (1923). The Supreme Court reaffirmed the doctrine in District of Columbia Court of Appeals v. Feldman. 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine derives from 28 U.S.C. § 1257, which sets forth the exclusive means by which state court judgments are reviewable in federal court. The doctrine is also supported by the structure of the federal judicial system, in which only the Supreme Court of the United States has appellate

7

jurisdiction over state court judgments. As a result, the doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994) (citation omitted).District courts may not review state court decisions "even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486.

In Exxon Mobil Corporation v. Saudi Basic Industries Corporation, the Court held that the doctrine does not supplant preclusion or abstention principles. Instead, it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005). The Court held that Rooker-Feldman only applies when a party complains of injury caused by a state court judgment and seeks to overturn it in federal court. Id. at 291-92. The Court further underscored the limits on the scope of the Rooker-

Feldman doctrine by subsequently holding that it cannot be invoked against federal plaintiffs who were not parties in a state court proceeding, even if preclusion law would regard them as in privity with such parties. Lance v. Dennis, 546 U.S. 459 (2006). The Court did note, however, that it had not held that the doctrine could never be used against a non-party to a state court proceeding.

The Sixth Circuit focuses the inquiry on the "source of the injury" suffered by the plaintiff. If the source is the state court decision, the Rooker-Feldman bar is raised. If instead there is some other source, such as the actions of a third party, the plaintiff has asserted an independent claim that the federal court can hear. See McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006), cert. denied, 552 U.S. 828 (2007). For example, a biological father's constitutional claims in federal court against the actions of a child welfare agency which allegedly led to loss of custody in juvenile court proceedings were held not to be subject to Rooker-Feldman, since the challenge was against a third party's conduct, not the state court judgment itself. Pittman, 241 F. App'x at 288.

The question, then, is how to differentiate between a claim that attacks a state court judgment, which is within the scope of the *Rooker-Feldman* doctrine, and an independent claim, over

9

which a district court may assert jurisdiction. The Sixth Circuit in McCormick looked to the Fourth Circuit's decision in Davani v. Virginia Dep't of Transp., 434 F.3d 712 (4th Cir.2006). That court explained:

> The plaintiffs in Rooker and Feldman sought redress for an injury allegedly caused by the *state-court decision* itself—in Rooker, the plaintiff sought to overturn a state-court judgment in federal district court, and in Feldman, the plaintiffs sought to overturn a judgment rendered by the District of Columbia court in federal district court. In Barefoot [a pre- Exxon Mobil case], by contrast, we extended the Rooker–Feldman doctrine to apply in situations where the plaintiff, after losing in state court, seeks redress for an injury allegedly caused by the *defendant's actions.* Id. at 717. The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

The McCormick court went on to explain:
> Of course, there are certain exceptions to this rule of thumb. For example, if a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself. *See id.* at 88 (finding that the plaintiffs' challenge to a county board of election's refusal to tally certain absentee

10

> ballots was in fact a challenge to the state
> court judgment that the ballots were invalid).
> The key point is that the source of the injury
> must be from the state court judgment itself; a
> claim alleging another source of injury is an
> independent claim.

In this case, the source of the injury is the state court decision. The District Court here is without jurisdiction to review the state court decision. The crux of Plaintiff's claims is that "[w]ithout proper service, on April 22, 2013, the court wrongfully and without legal authority entered a possession order in violation of Tennessee Law. (See Exhibit 5.) The court lacked subject matter jurisdiction, the court never noticed the matter for any future hearing and the court lost jurisdiction 10 days following the December 10, 2012 trial date." (Amended Complaint, ¶ 22). Further, "Young returned to possess the property because the writ of possession was not properly entered. Any order by Judge Agee after December 21, 2012 is void and not voidable. The possession order has no legal effect." (Id. at 25). Because this Court lacks jurisdiction to review the state court decision, pursuant to the Rooker-Feldman doctrine, the Magistrate Judge recommends that the claims against Defendant HSBC be dismissed.

As to the remaining Defendants Attorney Hall, Realtor Harris, Sheriff Arnold, Mayor Witherspoon, District Attorney

Brown and the Humboldt Chief of Police, all of the conduct complained of stems from the state court decision.

To the extent Plaintiff is complaining about the criminal action with respect to District Attorney Brown, Prosecutors enjoy absolute immunity from damage liability for the initiation and prosecution of a criminal case. Imbler v. Pachtman, 424 U.S. 409, 423-24 (1976).

Regarding all of the named government officials, "[q]ualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). The defense covers mistakes in judgment, whether of fact or law, Pearson, 555 U.S. at 231, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). The qualified immunity doctrine precludes federal courts from awarding damages against a government official in his or her individual capacity unless that official violated a statutory or constitutional right and the right was clearly established at the time the conduct occurred. Lane v. Franks, 134 S.Ct. 2369, 2381 (2014); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The government officials

12

in this case were acting pursuant to a court order. The Magistrate Judge recommends dismissing Plaintiff's claims against Defendants Sheriff Arnold, Mayor Witherspoon, District Attorney Brown and the Humboldt Chief of Police because Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's claims against Attorney Hall are that he represented Defendant HSBC and pursued the eviction and criminal charges on HSBC's behalf. Plaintiff's claims are derivative of his claims against HSBS, and he has failed to state a claim upon which relief may be granted.

Plaintiff claims that Defendant Harris, the realtor for the property, "wrongfully and fraudulently sold or possesses the property for sale" and also that she "wrongfully and fraudulently alleged in the criminal trespass warrant that Plaintiff had been evicted when this realtor knew or should have known that the eviction was improper." These arguments are thinly veiled challenges to the state court order, which this Court has no jurisdiction to overturn. Because Defendant Harris was acting pursuant to a court order, Plaintiff has failed to state a claim.

Finally, the Amended Complaint also purports to sue several John and Jane Doe Officers as defendants. Service of process

cannot be made on a fictitious party. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. *See* Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Mich. Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Even had the officers been named, claims against these officers would fail pursuant to qualified immunity, as discussed previously.

In sum, Plaintiff's Amended Complaint is, in reality, an attempt to appeal a state court order. Because district courts are courts of original jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted. For this reason and all the reasons set forth above, the Magistrate Judge recommends dismissal of all claims.

Respectfully Submitted this 17th day of March, 2015.

s/Edward G. Bryant
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**